STATE v. McMORRIS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-363-CR

THE STATE OF TEXAS APPELLANT

V.

TOMMY ALLEN MCMORRIS APPELLEE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The State appeals the trial court’s granting of Appellee Tommy Allen McMorris’ motion to suppress.  In three points, the State contends that the trial court erred by granting Appellee’s motion to suppress.  We reverse.

FACTUAL BACKGROUND

On August 7, 2004, Appellee was driving his vehicle on Jacksboro Highway through the City of Lake Worth, Tarrant County, Texas.  Officer Tyler Roy, a patrol sergeant with the City of Sansom Park, observed Appellee entering into a crossover in the median and turning left directly in front of his patrol unit.  Officer Roy testified that Appellee’s driving caused him to have to brake immediately to avoid having a collision. 

Based upon Appellee’s dangerous driving and Sergeant Roy’s training and experience, Sergeant Roy suspected Appellee of driving while intoxicated, and he stopped Appellee’s vehicle.  Sergeant Roy testified that he had a reasonable suspicion
(footnote: 2) that the driver of the vehicle could be impaired and that he pulled Appellee over for possibly being intoxicated and committing a traffic violation in failing to yield the right of way turning left.  He also testified that the only indication that led him to believe that Appellee might be intoxicated before he stopped Appellee’s car was the fact that Appellee pulled out in front of him. Sergeant Roy testified that poor perception of distance and speed is an indication of intoxication, and he believed it was possible that the driver was intoxicated at the time he stopped the vehicle. 

Sergeant Roy of the Sampson Park police department, witnessed Appellee commit the traffic violation of failing to yield the right of way turning left while in the city limits of Lake Worth, and he stopped Appellee within the city limits of Lake Worth.  Sergeant Roy was on duty that day, but he left Sansom Park to go to a convenience store.  At no time were Lake Worth police officers involved in the stop or arrest of Appellee. 

Appellee filed a motion to suppress the evidence, specifically contesting the jurisdiction of the police officer who stopped and arrested him.  The trial court held a hearing and granted Appellee’s motion to suppress.  
Following the suppression hearing, the trial court entered findings of fact and extensive conclusions of law.
  The trial court stated that it accepted Sergeant Roy’s testimony as true, Sergeant Roy was outside of his jurisdiction, and that the officer observed a traffic offense that may have given rise to a reasonable suspicion for a stop.  

MOTION TO SUPPRESS

In three points, the State contends that the trial court erred in granting Appellee’s motion to suppress because code of criminal procedure article 14.03 authorizes Sergeant Roy’s stop of Appellee and because the trial court ran afoul of the court of criminal appeals’ decision in 
Brother v. State
, 166 S.W.3d 255 (Tex. Crim. App. 2005), 
cert. denied
, 126 S. Ct. 1172 (2006), and various decisions of the courts of appeals. 

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

When reviewing a trial court’s ruling on a mixed question of law and fact, the court of appeals may review de novo the trial court’s application of the law of search and seizure to the facts of the case.  
Estrada
, 154 S.W.3d at 607.  We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.  

When the trial court grants a motion to suppress and files accompanying findings of fact and conclusions of law, and the sole witness at the motion to suppress hearing is the arresting officer, the only question before us is whether the trial court properly applied the law to the facts it found.  
See State v. Gray
, 158 S.W.3d 465, 467, 469 (Tex. Crim. App. 2005);
 Carmouche
, 10 S.W.3d at 327-28; 
Guzman
, 955 S.W.2d at 86-87, 89.  This is especially true in a case in which the State has not contested the trial court’s findings of fact and the trial court’s findings show that the court believed the arresting officer but concluded his testimony was insufficient as a matter of law.  
See Ross
, 32 S.W.3d at 856-58; 
Guzman
, 955 S.W.2d at 89.  In this case, we will review the trial court’s ruling de novo because the trial court stated that it accepted Sergeant Roy’s testimony as true.  
See Gray
, 158 S.W.3d at 467, 469.

For simplicity, we will address the State’s first two points together.  
In its first point, the State argues that code of criminal procedure article 14.03 authorized Sergeant Roy’s stop of Appellee for investigation of driving while intoxicated.  In its second point, the State contends that, by granting the motion to suppress, the trial court ran afoul of the court of criminal appeals’ decision in 
Brother v. State
, 166 S.W.3d at 260. 

Under the version of law existing at the time Sergeant Roy stopped and arrested Appellee, article 14.03(g) stated “[a] peace officer . . . outside of the officer’s jurisdiction may arrest without a warrant a person who commits 
any
 offense within the officer’s presence or view, except that an officer outside the officer’s jurisdiction may arrest a person for a violation of [the Transportation Code] only if [he is a Ranger or a DPS officer].” 
 
Act of May 28, 1995, 74th Leg., R.S., ch. 829, 1995 Tex. Gen. Laws 4213, 4213-14 (amended 2005) (emphasis added) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 14.03(g) (Vernon Supp. 2005)); 
see also
 
Tex. Code Crim. Proc. Ann.
 art. 2.12(4) (Vernon Supp. 2005) (defining peace officer).  Thus, under article 14.03 of the code of criminal procedure, city police officers may not stop and arrest persons for traffic violations committed outside the officers’ geographical jurisdiction.  Act of May 28, 1995, 74th Leg., R.S., ch. 829, 1995 Tex. Gen. Laws 4213, 4213-14 (amended 2005); 
State v. Kurtz
, 152 S.W.3d 72, 77 (Tex. Crim. App. 2004).  However, a police officer outside of his jurisdiction may stop a person who is driving while intoxicated.  
Brother
, 166 S.W.3d at 260.

The State asserts that this case is governed by 
Brother
, 166 S.W.3d at 255, while Appellee maintains that 
Kurtz
, 152 S.W.3d at 77, should dictate the outcome of this appeal.  In 
Kurtz
, the officer stated that he saw the appellant’s  vehicle cross from the right lane onto the improved shoulder of the highway, where it traveled for several seconds.  
Id. 
at 73.  The car then moved unsteadily from the shoulder to the right lane and back to the shoulder several times.  
Id.
  Once the officer approached the vehicle and spoke with the driver, he saw and smelled evidence of intoxication, so he arrested the driver for driving while intoxicated.  
Id.
  At the time of the stop and arrest, the officer was outside his jurisdiction.  
Id.
  Looking to the trial court’s conclusion that “‘the only possible offenses’ that the officer ‘may have initially observed were traffic offenses,’” the court of criminal appeals determined that the trial court must have found that DWI was not a possible offense that the officer initially observed.  
Id.
 at 79. 

In 
Brother
, a 911 dispatcher informed a police officer that a concerned citizen called 911 to report that she had witnessed the appellant speeding, tailgating, and weaving across several lanes of traffic.  
Brother
, 166 S.W.3d at 256.  Noting that under article 14.03(g), a municipal police officer has the authority to stop a driver outside of the city limits if the officer has reasonable suspicion that the driver is driving while intoxicated, the court of criminal appeals held that article 14.03(g) did not prohibit the officer’s stop outside of his jurisdiction because the officer was resolute that the caller had provided facts which led him to believe that the appellant was driving while intoxicated, rather than committing traffic offenses.  
Id
. at 260.  

Kurtz
 is distinguishable from the present case, because the stop in 
Kurtz
 was based solely upon the traffic violation.  
See
 
Kurtz
, 152 S.W.3d at 79.  The present case is more akin to 
Brother
, because here, the traffic infraction led Sergeant Roy to have a reasonable suspicion
(footnote: 3) that the driver was intoxicated.  
See Brother
, 166 S.W.3d at 260.  Because Sergeant Roy had a reasonable suspicion that Appellee was driving while intoxicated when he stopped Appellee’s vehicle, article 14.03(g) did not prohibit the stop outside of the officer’s jurisdiction.  Thus, we hold that the trial court improperly applied the law to the facts of this case and erred in granting Appellee’s motion to suppress.  
Gray
, 158 S.W.3d at 467.  Accordingly, we sustain the State’s first two points.  Because of our disposition on these two points, we will not discuss the State’s third point.  
See 
Tex. R. App. P.
 47.1.

CONCLUSION

Having sustained the State’s two points, we reverse the trial court’s order and remand this case for further proceedings. 

PER CURIAM

PANEL B:  HOLMAN, LIVINGSTON, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 25, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2: Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity.  
Ford v. State, 
158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

3: Sergeant Roy testified that based on his training and experience, the traffic violation, and the fact that he had recently been involved in an automobile accident with an intoxicated driver who had committed the same traffic violation in the same area, he formed a reasonable suspicion that Appellee was driving while intoxicated.