COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-363-CR

 

 

THE STATE OF TEXAS                                                         APPELLANT

 

                                                   V.

 

TOMMY ALLEN MCMORRIS                                                     APPELLEE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

The State appeals the trial
court=s granting of Appellee Tommy Allen McMorris= motion to suppress.  In three
points, the State contends that the trial court erred by granting Appellee=s motion to suppress.  We
reverse.

FACTUAL BACKGROUND








On August 7, 2004, Appellee
was driving his vehicle on Jacksboro Highway through the City of Lake Worth,
Tarrant County, Texas.  Officer Tyler
Roy, a patrol sergeant with the City of Sansom Park, observed Appellee entering
into a crossover in the median and turning left directly in front of his patrol
unit.  Officer Roy testified that
Appellee=s driving caused him to have to brake immediately to avoid having a
collision. 

Based upon Appellee=s dangerous driving and Sergeant Roy=s training and experience, Sergeant Roy suspected Appellee of driving
while intoxicated, and he stopped Appellee=s vehicle.  Sergeant Roy
testified that he had a reasonable suspicion[2]
that the driver of the vehicle could be impaired and that he pulled Appellee
over for possibly being intoxicated and committing a traffic violation in
failing to yield the right of way turning left. 
He also testified that the only indication that led him to believe that
Appellee might be intoxicated before he stopped Appellee=s car was the fact that Appellee pulled out in front of him. Sergeant
Roy testified that poor perception of distance and speed is an indication of
intoxication, and he believed it was possible that the driver was intoxicated
at the time he stopped the vehicle. 








Sergeant Roy of the Sampson
Park police department, witnessed Appellee commit the traffic violation of
failing to yield the right of way turning left while in the city limits of Lake
Worth, and he stopped Appellee within the city limits of Lake Worth.  Sergeant Roy was on duty that day, but he
left Sansom Park to go to a convenience store. 
At no time were Lake Worth police officers involved in the stop or
arrest of Appellee. 

Appellee filed a motion to
suppress the evidence, specifically contesting the jurisdiction of the police
officer who stopped and arrested him. 
The trial court held a hearing and granted Appellee=s motion to suppress.  Following
the suppression hearing, the trial court entered findings of fact and extensive
conclusions of law.  The trial court
stated that it accepted Sergeant Roy=s testimony as true, Sergeant Roy was outside of his jurisdiction, and
that the officer observed a traffic offense that may have given rise to a
reasonable suspicion for a stop.  

MOTION TO SUPPRESS








In three points, the State
contends that the trial court erred in granting Appellee=s motion to suppress because code of criminal procedure article 14.03
authorizes Sergeant Roy=s stop of
Appellee and because the trial court ran afoul of the court of criminal appeals= decision in Brother v. State, 166 S.W.3d 255 (Tex. Crim. App.
2005), cert. denied, 126 S. Ct. 1172 (2006), and various decisions of
the courts of appeals. 

We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999).  Therefore, we give
almost total deference to the trial court=s rulings on (1) questions of historical fact and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Johnson v. State, 68 S.W.3d 644, 652‑53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d).  But when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.








When reviewing a trial court=s ruling on a mixed question of law and fact, the court of appeals may
review de novo the trial court=s application of the law of search and seizure to the facts of the
case.  Estrada, 154 S.W.3d at
607.  We must uphold the trial court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  Armendariz v. State,
123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974
(2004); Ross, 32 S.W.3d at 856; Romero, 800 S.W.2d at 543.  

When the trial court grants a
motion to suppress and files accompanying findings of fact and conclusions of
law, and the sole witness at the motion to suppress hearing is the arresting
officer, the only question before us is whether the trial court properly
applied the law to the facts it found.  See
State v. Gray, 158 S.W.3d 465, 467, 469 (Tex. Crim. App. 2005);
Carmouche, 10 S.W.3d at 327‑28; Guzman, 955 S.W.2d at 86‑87,
89.  This is especially true in a case in
which the State has not contested the trial court=s findings of fact and the trial court=s findings show that the court believed the arresting officer but
concluded his testimony was insufficient as a matter of law.  See Ross, 32 S.W.3d at 856‑58; Guzman,
955 S.W.2d at 89.  In this case, we will
review the trial court=s ruling de
novo because the trial court stated that it accepted Sergeant Roy=s testimony as true.  See
Gray, 158 S.W.3d at 467, 469.








For simplicity, we will
address the State=s first two
points together.  In its first point, the
State argues that code of criminal procedure article 14.03 authorized Sergeant
Roy=s stop of Appellee for investigation of driving while intoxicated.  In its second point, the State contends that,
by granting the motion to suppress, the trial court ran afoul of the court of
criminal appeals= decision in
Brother v. State, 166 S.W.3d at 260. 








Under the version of law
existing at the time Sergeant Roy stopped and arrested Appellee, article
14.03(g) stated A[a] peace
officer . . . outside of the officer=s jurisdiction may arrest without a warrant a person who commits any
offense within the officer=s presence or view, except that an officer outside the officer=s jurisdiction may arrest a person for a violation of [the
Transportation Code] only if [he is a Ranger or a DPS officer].@  Act of May 28, 1995,
74th Leg., R.S., ch. 829, 1995 Tex. Gen. Laws 4213, 4213-14 (amended 2005)
(emphasis added) (current version at Tex.
Code Crim. Proc. Ann. art. 14.03(g) (Vernon Supp. 2005)); see also
Tex. Code Crim. Proc. Ann. art.
2.12(4) (Vernon Supp. 2005) (defining peace officer).  Thus, under article 14.03 of the code of
criminal procedure, city police officers may not stop and arrest persons for
traffic violations committed outside the officers= geographical jurisdiction.  Act
of May 28, 1995, 74th Leg., R.S., ch. 829, 1995 Tex. Gen. Laws 4213, 4213-14
(amended 2005); State v. Kurtz, 152 S.W.3d 72, 77 (Tex. Crim. App.
2004).  However, a police officer outside
of his jurisdiction may stop a person who is driving while intoxicated.  Brother, 166 S.W.3d at 260.

The State asserts that this
case is governed by Brother, 166 S.W.3d at 255, while Appellee maintains
that Kurtz, 152 S.W.3d at 77, should dictate the outcome of this
appeal.  In Kurtz, the officer
stated that he saw the appellant=s  vehicle cross from the right
lane onto the improved shoulder of the highway, where it traveled for several
seconds.  Id. at 73.  The car then moved unsteadily from the
shoulder to the right lane and back to the shoulder several times.  Id. 
Once the officer approached the vehicle and spoke with the driver, he
saw and smelled evidence of intoxication, so he arrested the driver for driving
while intoxicated.  Id.  At the time of the stop and arrest, the
officer was outside his jurisdiction.  Id.  Looking to the trial court=s conclusion that A>the only possible offenses= that the officer >may have initially observed were traffic offenses,=@ the court of criminal appeals determined that the trial court must
have found that DWI was not a possible offense that the officer initially
observed.  Id. at 79. 








In Brother, a 911
dispatcher informed a police officer that a concerned citizen called 911 to
report that she had witnessed the appellant speeding, tailgating, and weaving
across several lanes of traffic.  Brother,
166 S.W.3d at 256.  Noting that under
article 14.03(g), a municipal police officer has the authority to stop a driver
outside of the city limits if the officer has reasonable suspicion that the
driver is driving while intoxicated, the court of criminal appeals held that
article 14.03(g) did not prohibit the officer=s stop outside of his jurisdiction because the officer was resolute
that the caller had provided facts which led him to believe that the appellant
was driving while intoxicated, rather than committing traffic offenses.  Id. at 260.  








Kurtz is distinguishable from the present case, because the stop in Kurtz
was based solely upon the traffic violation. 
See Kurtz, 152 S.W.3d at 79.  The present case is more akin to Brother,
because here, the traffic infraction led Sergeant Roy to have a reasonable
suspicion[3]
that the driver was intoxicated.  See
Brother, 166 S.W.3d at 260.  Because
Sergeant Roy had a reasonable suspicion that Appellee was driving while
intoxicated when he stopped Appellee=s vehicle, article 14.03(g) did not prohibit the stop outside of the
officer=s jurisdiction.  Thus, we hold
that the trial court improperly applied the law to the facts of this case and
erred in granting Appellee=s motion to suppress.  Gray,
158 S.W.3d at 467.  Accordingly, we
sustain the State=s first two
points.  Because of our disposition on
these two points, we will not discuss the State=s third point.  See Tex. R. App. P. 47.1.

CONCLUSION

Having sustained the State=s two points, we reverse the trial court=s order and remand this case for further proceedings. 

 

PER CURIAM

PANEL B: 
HOLMAN, LIVINGSTON, and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 25, 2006











[1]See Tex. R. App. P. 47.4.





[2]
Reasonable suspicion exists if the officer has specific, articulable facts
that, when combined with rational inferences from those facts, would lead him
to reasonably conclude that a particular person actually is, has been, or soon
will be engaged in criminal activity.  Ford
v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).





[3]
Sergeant Roy testified that based on his training and experience, the traffic
violation, and the fact that he had recently been involved in an automobile
accident with an intoxicated driver who had committed the same traffic
violation in the same area, he formed a reasonable suspicion that Appellee was
driving while intoxicated.