In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-154 CR


______________________


 

DONALD HAYMAN CARTER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 1


 Montgomery County, Texas 


Trial Cause No. 05-209788 






MEMORANDUM OPINION


 Appellant Donald Hayman Carter pled guilty to the offense of driving while
intoxicated. The trial court sentenced him to 180 days confinement in the county jail,
suspended the imposition of the sentence, and placed him on community supervision for
fifteen months. Carter appeals from a pretrial ruling denying his motion to suppress. We
affirm. 

 Scott Bauer testified at the hearing on the motion to suppress. He testified he was on
his way home from work when he observed a large light-colored SUV "touching the dotted
lines on both sides of the road, just rhythmically back and forth." He followed the vehicle
for a short time and then pulled beside it to see if the driver was distracted. The driver had
both hands on the steering wheel and was looking straight ahead. At the hearing he
identified Carter as the vehicle's driver. 

 Bauer called 911 to report a possible drunk driver. Harris County dispatch picked up
the call; Bauer described his observations and provided the vehicle's license plate number. 
He stayed on the phone with dispatch while he followed the vehicle into Montgomery
County. Harris County dispatch transferred Bauer to Montgomery County's dispatch. He
stayed on the phone with dispatch as he followed the vehicle through Conroe. He observed
the vehicle straddling the center lane and then braking hard into a violent exit. Bauer
followed the vehicle into the subdivision where Bauer lived. He saw an officer standing next
to a patrol car in the subdivision. Bauer indicated to the officer that the vehicle Bauer was
following was the vehicle described by dispatch. He followed the patrol car to the location
where the officer pulled the vehicle over. Bauer stayed and provided a statement. 

 Deputy Sheriff C.D. Flowers with the Montgomery County Sheriff's Department also
testified at the hearing. He was patrolling Walden Road when he received a dispatch related
to a citizen who was following a person believed to be intoxicated. He identified Bauer's
vehicle as described by dispatch and saw Bauer flash his lights. Dispatch provided a
description of Carter's vehicle and the license plate number. Officer Flowers confirmed the
vehicle's license plate number matched the dispatched license plate number and pulled the
vehicle over. 

 In reviewing a trial court's ruling on a motion to suppress, we give almost total
deference to a trial court's determination of historical facts and review de novo the court's
application of the law. Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). When
the trial court, as in this case, does not make explicit findings of facts, we review the
evidence in a light most favorable to the ruling and assume implicit findings of fact
supported by the record. See Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002)
(citing Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000)). (1) As the
factfinder and sole judge of a witness's credibility and the weight to be given the testimony,
the trial judge may choose to believe or disbelieve any or all of a witness's testimony. State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We must sustain the trial judge's
ruling if it is reasonably supported by the record and is correct on any theory of law
applicable to the case. State v. Gray, 158 S.W.3d 465, 467 (Tex. Crim. App. 2005). 

 Carter presents three issues on appeal. He first maintains the record fails to reflect
Flowers had specific articulable facts warranting an investigatory stop of Carter's vehicle. 
Under the Fourth Amendment, an officer may temporarily detain a person when the officer
has specific articulable facts which, considered with rational inferences from those facts, lead
the officer to conclude the person detained is, has been, or soon will be engaged in criminal
activity. Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "The factual
basis for stopping a vehicle need not arise from the officer's personal observation, but may
be supplied by information acquired from another person." Brother v. State, 166 S.W.3d
255, 257 (Tex. Crim. App. 2005) (citing Adams v. Williams, 407 U.S. 143, 147 , 92 S.Ct.
1921, 32 L.Ed.2d 612 (1972)). A stop based on facts provided by a citizen-eyewitness and
adequately corroborated by the arresting officer does not violate the Fourth Amendment. 
Brother, 166 S.W.3d at 259. 

 Officer Flowers testified dispatch informed him a citizen-eyewitness was following
a person believed to be intoxicated. Dispatch relayed a description of the vehicle and the
license plate number. Bauer identified himself to dispatch and stayed on the phone for many
miles while he followed Carter. He provided dispatch detailed facts regarding Carter's
erratic driving. Officer Flowers testified Bauer identified Carter to him by flashing his lights. 
Flower confirmed Carter's license plate number was the number dispatched prior to pulling
him over. Bauer, a disinterested eyewitness, followed and completed a statement. 

 Officer Flowers testified the information the dispatcher provided to him, together with
his observing Carter failing to maintain a single lane of traffic, led him to believe Carter was
a danger to himself or others. Although there was no other evidence presented at the hearing
as to the facts relayed from dispatch to Officer Flowers, the trial court implicitly found the
dispatcher relayed sufficient facts to Officer Flowers to justify the stop. Based on this
record, Officer Flowers was aware of sufficient articulable facts to conclude Carter was
driving while intoxicated. We overrule issue one.

 Carter next contends Flowers' stop of his vehicle was not justified because Bauer's
phone call to dispatch was uncorroborated. Corroboration does not mean an officer must
personally witness the conduct that causes him to reasonably suspect criminal activity. Id.
at 259 n.5. Corroboration refers to whether the police officer, in light of the circumstances,
confirms enough facts to reasonably conclude the information he received is reliable and,
therefore, justifies a temporary detention. Id. (citing Alabama v. White, 496 U.S. 325, 330-31, 110 L.Ed.2d 301, 110 S.Ct. 2412 (1990); Pipkin v. State, 114 S.W.3d 649, 654 (Tex.
App.--Fort Worth 2003, no pet.). As the Court of Criminal Appeals stated in Brother, "To
require officers who are apprised of detailed facts from citizen-eyewitnesses to observe
suspects and wait until additional suspicious acts are committed, would be foolish and
contrary to the balance of interest struck in Terry and its progeny." Brother, 166 S.W.3d at
259. 

 Officer Flowers witnessed Carter leave his lane of traffic before he pulled him over. 
The unsafe driving witnessed by Officer Flowers, together with the information Flowers
received from dispatch, sufficiently corroborated facts provided by Bauer. The trial court did
not err in concluding that, under the totality of the circumstances, the stop was reasonable. 


 Carter argues Flowers did not have probable cause to stop the vehicle for a moving
violation because the State failed to prove a violation. Flowers testified he witnessed Carter
failing to maintain a single lane of traffic but stated he only relied on the information he
received over the radio in deciding to stop Carter. He did not stop Carter for a moving
violation. Nevertheless, Officer Flowers had sufficient facts giving rise to reasonable
suspicion to make an investigatory stop. 

 We overrule appellant's issues. The trial court's ruling denying the motion to
suppress is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on October 5, 2006

Opinion Delivered November 29, 2006

Do Not Publish 


Before Gaultney, Kreger and Horton, J.J. 
1. But see State v. Cullen, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).