IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






PD-1221-05






THE STATE OF TEXAS


v.


 JANELLE RASCBAUM, Appellee






ON DISCRETIONARY REVIEW OF CASE 08-03-00182-CR

OF THE EIGHTH COURT OF APPEALS

EL PASO COUNTY





 Per curiam.



 The appellee was prosecuted for the offense of possession of less than one gram of cocaine (1)
and filed a motion to suppress evidence in the trial court. The court granted the motion. The Court of
Appeals reversed that decision. (2) We will affirm.

 

 At a hearing on the motion to suppress, the State introduced the evidence of two officers of the
El Paso Police Department. Officer Jose De Avila testified that shortly after midnight on January 5,
2003, while on patrol, he saw an automobile fail to stop at a stop sign. De Avila conducted a traffic
stop. When he approached the driver's side of the vehicle, De Avila noticed that the driver had
bloodshot eyes, a strong odor of alcohol, and slurred speech. He also noticed two passengers in the
vehicle, including the appellee in the front passenger seat. De Avila performed a field sobriety test on
the driver, Luis Baca. Mr. Baca failed the test and was arrested for suspicion of driving while intoxicated. During the test, De Avila noticed a white powdery substance under the driver's nose, which he
suspected to be cocaine. De Avila called the canine unit to search the car. The dog alerted to the
appellee's purse, which had been left on the floorboard. Officers found cocaine in the purse.

 On cross-examination, De Avila testified that he could not be certain whether the powdery
white substance under Mr. Baca's nose was cocaine or doughnut powder. De Avila also stated that
Officer Lopez had commented that he too had seen the powdery substance, although Lopez's
testimony contradicted this. De Avila could not remember whether he had conducted any other field
sobriety tests on Mr. Baca, nor could he remember whether Mr. Baca had refused an intoxilyzer test.

 During the hearing, the appellee admitted, "[W]e confess the initial stop is valid." (3) In granting
the motion to suppress, the trial court made no findings of fact or conclusions of law, nor were such
findings requested.

 On appeal, the Court of Appeals for the Eighth District reversed, agreeing with the State that
the search of the appellee's purse was valid as a search incident to a lawful arrest. (4)

 The Court of Appeals determined a de novo review to be appropriate and articulated the
standard of review for a trial court's ruling on a motion to suppress. That is, a reviewing court generally
applies an abuse-of-discretion standard. The trial court has abused its discretion when its decision was
"so clearly wrong as to lie outside the zone of reasonable disagreement." Almost total deference is
accorded to the trial court's determination of historical facts supported by the record, particularly when
it turns on assessing a witness's credibility and demeanor. For mixed questions of law and
fact-questions applying the law to the facts-the same deferential standard applies if resolving the issue
turns on evaluating witness credibility and demeanor. A reviewing court views the record in the light
most favorable to the trial court's ruling. When the trial court files no findings of fact or conclusions of
law, the appellate court assumes that the trial court made implicit findings of fact supporting its ruling, as
long as those findings are supported by the record. (5)

 The Court of Appeals rejected the appellee's assertion that the record supported a finding that
the search was not incident to a lawful arrest. The Court reasoned that a search of the passenger
compartment of a car, as well as all containers in the compartment, is valid if it is incident to a lawful
custodial arrest. Because Texas authorizes arrest for failure to stop at a stop sign, and Officer De Avila
saw Mr. Baca commit this offense, De Avila had probable cause to make a valid arrest. The search
incident to Mr. Baca's arrest was therefore valid as well. (6)

 In grounds for review two through five, the appellee argues that the Court of Appeals' use of a
de novo standard of review was improper, and instead the Court should have applied a standard more
deferential to the trial court's ruling.

 The Court of Appeals properly summarized the rules regarding standards of review respecting
a trial court's decision on a motion to suppress. Particularly important to applying these rules in the
instant case is the appellee's concession at the suppression hearing: "[W]e confess the initial stop is
valid." (7) By this admission, the appellee effectively conceded that Mr. Baca had committed the traffic
offense of failing to stop at a stop sign. His subsequent arrest, permissible statutorily and constitutionally,
was therefore valid. That Mr. Baca was placed under arrest for the offense of driving while intoxicated
is irrelevant; De Avila was authorized to arrest Mr. Baca for the stop-sign violation, so the arrest was
lawful. (8) The search of the automobile was therefore a valid search incident to Mr. Baca's arrest. (9)

 The deferential standard the appellee asserts is inappropriate here. "Almost total deference" to
the trial court is proper if resolving mixed law and fact questions turns on witness credibility and
demeanor. (10) Here, the trial court's decision did not require hearing and evaluating the officers'
testimony. As we discuss above, the concession alone warranted a denial of the appellee's motion to
suppress.

 We do accord deference to a trial court's determination of historical facts, but only if they are
supported by the record. (11) And where, as here, the trial court makes no express findings of fact in
ruling on a motion to suppress, and the losing party does not request such findings, we assume the trial
court made implicit findings of fact supporting its ruling, as long as those findings are supported by
the record. (12) Nothing in the record supports a finding that the arrest was unlawful. The appellee's
admission that the stop was valid connotes a lawful arrest and search having occurred, which in turn
merited a denial of the motion.

 The appellee contends that the Court of Appeals considered only the State's two theories for
denying the motion, rather than assessing other theories of law on which the trial court might have relied
to grant the motion. The appellee cites Romero v. State for the rule: "If the trial judge's decision is
correct on any theory of law applicable to the case, the decision will be sustained." (13) However, the
appellee advances no correct theory of law applicable to this case. For example, the appellee argues
the trial court could have granted the motion because the court chose to disbelieve the testimony of the
police officers. This fails as a viable theory because, as we discuss above, the appellee's concession on
the legality of the arrest rendered moot any issue of witness credibility. The only other theory the
appellee advances is that Officer Lopez's testimony indicates the search occurred prior to Mr. Baca's
arrest and was therefore invalid. The record does not support such a finding.

 The Court of Appeals properly reviewed the trial court's decision de novo. Grounds two
through five are overruled.

 In her first ground for review, the appellee contends the Court of Appeals erred in holding the
search-incident-to-arrest exception to a warrant requirement does not require the arrest to be lawful.
As stated above, however, the Court of Appeals found the search to be valid based on an express
determination that the arrest was lawful. Ground one is overruled.

 We affirm the judgment of the Court of Appeals.


Delivered June 13, 2007.

Do not publish.
1. See Health & Safety code § 481.115.
2. State v. Rascbaum, 08-03-00182-CR, 2005 Tex. App. LEXIS 4192 (Tex. App. -- El Paso 2005).
3. Reporter's Record ("R.R."), at 61.
4. Rascbaum, at 14.
5. Id., at 8-10.
6. Rascbaum, at 14-15.
7. R.R., at 61.
8. See Transp. Code §§ 544.010, 543.00; Devenpeck v. Alford, 543 U.S. 146, 153 (2004) ("subjective reason for
making the arrest need not be the criminal offense as to which the known facts provide probable cause"); Atwater v.
City of Lago Vista, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has
committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment,
arrest the offender."); see also State v. Gray, 158 S.W.3d 465 (Tex. Cr. App. 2005).
9. See New York v. Belton, 453 U.S. 454 (1981).
10. State v. Ross, 32 S.W.3d 853, 856 (Tex. Cr. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Cr. App.
1997).
11. Ibid.
12. Ross, 32 S.W.3d, at 855 (emphasis added).
13. 800 S.W.2d 539, 543 (Tex. Cr. App. 1990).