IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-0586-04






THE STATE OF TEXAS



v.



 MICHAEL DOYLE GRAY, Appellee






ON PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


HENDERSON COUNTY


 



 Womack, J., delivered the opinion for a unanimous Court.



 In this case, the defendant moved to suppress evidence on the ground that officers did not
have reasonable suspicion to seize him. The only evidence was the uncontradicted testimony of
the officers. The trial court granted the motion to suppress. The State appealed. The Twelfth
Court of Appeals reversed the decision of the trial court. (1) We granted review to consider whether
the appellate court gave proper deference to the trial court's findings of fact.

 In a similar case, State v. Ross, (2) we have held that the trial court's decision should have
been affirmed because of the deference due its fact-findings. We explained:

 In a motion to suppress hearing, the trial court is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given their testimony. Accordingly, the judge may believe or disbelieve all or any part of a
witness's testimony, even if that testimony is not controverted. This is so because
it is the trial court that observes first hand the demeanor and appearance of a
witness, as opposed to an appellate court which can only read an impersonal
record.

 Furthermore, when the trial court fails to file findings of fact, we view the
evidence in the light most favorable to the trial court's ruling and assume that the
trial court made implicit findings of fact that support its ruling as long as those
findings are supported by the record. If the trial judge's decision is correct on any
theory of law applicable to the case, the decision will be sustained.

 While discussing the appropriate level of appellate review, we stated in
Guzman v. State:


 [1][T]he appellate courts, including this Court, should afford almost total
deference to a trial court's determination of the historical facts that the
record supports especially when the trial court's fact findings are based on
an evaluation of credibility and demeanor. [2] The appellate court should
afford the same amount of deference to trial courts' rulings on "application
of law to fact questions," also known as "mixed questions of law and
fact," if the resolution of those ultimate questions turns on an evaluation of
credibility and demeanor. [3] The appellate courts may review de novo
"mixed questions of law and fact" not falling within this category. (3)


 A difference between this case and Ross is that the trial court granted Ross's motion
without making specific findings of fact, while this trial court granted Gray's motion and made
specific findings of fact. We think those findings permitted the court of appeals to review the
ruling without infringing on the trial court's discretion to determine the facts.

Evidence and Findings


 Michael Doyle Gray was indicted for possessing methamphetamine in the amount of at
least 4 grams, but less than 200 grams, on or about April 3, 2003. He filed a "Motion to Suppress
Illegally Seized Evidence," which the district court granted after hearing evidence.

 The only witness at the hearing on the motion to suppress evidence was Sergeant Tony
Duncan, a deputy sheriff. He had been told by Investigator Parker that a confidential informant
said that Gray would be transporting "narcotics" in a certain area of the county. Duncan and
another deputy drove to a parking lot from which they could see an intersection at which they
expected Gray to appear. Gray drove up to the intersection, stopped at the stop sign, and turned
right without signaling his intention to turn. Duncan decided to stop Gray. Gray consented to two
searches of his vehicle. After the first search found nothing, a drug dog was called to the scene
from another police agency 16 miles away, and the dog alerted to the truck. The officers searched
it again, and found nothing. The searches consumed an hour.

 The officers decided to make a custodial arrest of Gray for failing to signal a turn. The six
bases of the decision to arrest were that Gray appeared surprised when he saw the officers, he
raised up off the seat and did a lot of wiggling before he pulled over for the traffic stop, he was
nervous instead of being cocky as usual, he walked "kind of squinched up"as though something
was between his buttocks, the drug dog alerted to the presence of drugs yet none were found in
searching the vehicle without searching Gray, and after being told that he would be arrested he
offered to cooperate by being an informant.

 The trial court entered a written ruling:

 The facts are not disputed:

 1. Based upon a tip that Gray possessed drugs, the Sheriff's Department
engineered a pretext detention of Gray.

 2. Gray failed to signal at a stop sign.

 3. Sheriff's Department made a stop and detained Gray.

 4. Gray gave consent to search his vehicle.

 5. The vehicle was searched twice.

 6. After an hour detention, Sheriff's Department arrested Gray for the
traffic violation; but, the reason for the traffic arrest related back to the pretext,
namely drug possession. See the Exhibit attached hereto. (4)

 7. After Gray's arrest, drugs were found on this person

 It appears to the Court that the State wants its cake and wants to eat it too.
The State wants to hide behind the non-relevance of the pretext for the stop but,
then use the pretext offensively to continue to detain Gray for an hour after the
grounds for the arrest (the traffic violation) were perfected.

 There is no evidence in the record to support the "probable cause" of the
pretext.

 There is no evidence in the record to support Gray having committed any
offense independent of the pretext that could justify the continued detention.

 The Court grants Gray's Motion to suppress.

 The Court directs [defense counsel] to prepare the proper order and submit
it to the Court.

 

Court of Appeals' Opinion


 The court of appeals said:

 To determine whether an investigative detention is reasonable under the
Fourth Amendment, we make the following two inquiries:


 1) Whether the officer's action was justified at its inception;
and


 2) Whether it was reasonably related in scope to the circumstances which justified the interference in the first place.


 Terry v. Ohio, 392 U.S. 1 (1968).

 

 With reference to the second inquiry under Terry, we review the record to
determine whether there is sufficient evidence in the record to support Gray's
continued detention. (5)


 The court of appeals found "at least six articulable facts and circumstances stated by [the
officers]" as reasonable suspicion for a continued detention; these were the six bases for the
decision to arrest Gray for the traffic offense. "Therefore we hold that the second inquiry under
Terry must also be answered in the affirmative." (6)

Discussion


 Gray argues: 

 In reaching its decision, the Court of Appeals engaged in their own factual review
in determining the credibility of the witnesses and their testimony and did not
view the evidence in the light most favorable to the court's ruling. The six factors
that were relied on by the Court of Appeals were never mentioned by the trial
court's [ruling] stating that it was granting the Motion to Suppress. Furthermore,
the trial court had previously held that there was no evidence in the record to
support the probable cause of the pretext nor evidence in the record to support
Gray having committed any offense independent of the pretext that could justify
the detention. (7)


 We think the court of appeals correctly interpreted the trial court's ruling and gave proper
deference to its findings of historical fact. The trial court's first finding is important: "The facts
are not disputed."

 Gray misreads the trial court's "never mention[ing]" the six articulable circumstances,
and its ruling, "There is no evidence in the record to support the 'probable cause' of the pretext."
There certainly was evidence in the record that, if believed, showed (1) that Gray committed a
traffic offense, and (2) that the six bases, or articulable circumstances, had been observed by the
deputies. If the trial court had not found these were facts, we do not think it would have said,
"The facts are not disputed."

 We think the correct reading of the ruling, "There is no evidence in the record to support
the 'probable cause' of the pretext," is that, although the facts were as the deputy testified, they
did not amount to probable cause to arrest. That is a question of application of law to facts which,
as we said in Guzman, an appellate court may make de novo if it respects the trial court's
findings of the historical facts. The court of appeals did respect the trial court's findings in this
regard, although it differed with the trial court (as it was authorized to do) on the legal consequences of the facts.

 The court of appeals' opinion mentioned some legal consequences of investigative detentions, and there are others that further buttress its decision. The undisputed fact that an officer
saw Gray commit the offense of turning without signaling his intention gave the officer probable
cause to believe he had committed an offense under the Rules of the Road statutes. (8) Code of
Criminal Procedure Article 14.01(b) says, "A peace officer may arrest an offender without a
warrant for any offense committed in his presence or within his view." More specifically, Section
543.001 of the Transportation Code says, "Any peace officer may arrest without warrant a person
found committing a violation of this [Rules of the Road] subtitle." Such an arrest for a minor
traffic offense is not an unreasonable seizure under the Fourth Amendment. (9) The fact that the
officer may have had another subjective motive for seizing Gray would not have made an
objectively reasonable seizure unlawful under the constitutions of the United States (10) or of this
state. (11) The officer lawfully arrested Gray at that point. Incident to such an arrest the officer could
have lawfully searched Gray's person and the passenger compartment of Gray's vehicle and the
containers in it. (12) The officer who had arrested Gray had discretion to transport him to a
magistrate or to release him with a notice to appear in court. (13)

 The court of appeals' decision did not trespass on the trial court's discretion in finding
facts. The judgment of the Twelfth Court of Appeals is affirmed.


En banc.

Delivered February 16, 2005.

Publish.
1. State v. Gray, --- S.W.3d ---, 2004 WL 306107, 2004 Tex. App. LEXIS 1600 (Tex. App. --
Tyler, No. 12-03-00207-CR, February 18, 2004).
2. 32 S.W.3d 853 (Tex. Cr. App. 2000).
3. Id., at 855-56 (footnotes omitted) (quoting, and adding bracketed numbers to, Guzman v. State,
955 S.W.2d 85, 89 (Tex. Cr. App.1997)).
4. Attached to the ruling were two pages from Sergeant Duncan's testimony. The prosecutor
asked, "What did you base your arrest on?"

 Duncan answered, "Due to the way he was acting, the movement in the vehicle prior to the stop,
the dog alerting on the vehicle without anything being found, we went ahead -- I went ahead and
arrested him for the fail to signal turn."
5. Slip op., at 6.
6. Id., at 8.
7. Brief, at 5.
8. See Tex. Transp. Code, Title 7, Subtitle C ("Rules of the Road") § 545.104(a) ("An operator
shall use the signal authorized by Section 545.106 to indicate an intention to turn ").
9. See Atwater v. City of Lago Vista, 532 U.S. 318 (2000).
10. See Whren v. United States, 517 U.S. 806 (1996).
11. See Crittenden v. State, 899 S.W.2d 668 (Tex. Cr. App. 1995).
12. See New York v. Belton, 453 U.S. 454 (1981).
13. See Tex. Transp. Code § 542.002 (a person arrested for violating a section of the Rules-of-the-Road subtitle "shall be taken immediately taken before a magistrate" in only three circumstances: the
person is arrested on a charge of failure to stop in the event of an accident causing damage, or the person
demands an immediate appearance before a magistrate, or the person refuses to make a written promise
to appear); id., § 543.003 ("An officer who arrests a person for a violation of this subtitle and who does
not take the person before a magistrate shall issue in duplicate a written notice to appear in court ");
id., § 543.004 (issuance of such a notice is mandatory only if the person charged is a resident of this state
and is operating a vehicle that is not registered elsewhere, and the offense charged is speeding or a
violation of the open container law).