NO. 07-06-0141-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 6, 2006
_____

JOHN DANIEL MORRIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 20TH DISTRICT COURT OF MILAM COUNTY;

NO. CR21,345; HONORABLE ED MAGRE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, John Daniel Morris, was indicted for possession of a controlled substance (methylenedioxy methamphetamine) in an amount equal to or greater than one gram but less than four grams. Following the denial of his pre-trial motion to suppress evidence, appellant pled guilty in accordance with a plea bargain agreement with the State. The trial court accepted the plea, found appellant guilty of the offense, and sentenced him to 10 years incarceration in the Institutional Division of the Texas Department of Criminal Justice.

The trial court suspended the sentence and placed appellant on probation for five years. Appellant appeals the denial of his motion to suppress. We affirm.

On January 19, 2005, at or about 7:10 p.m., appellant was stopped by Texas Department of Public Safety Trooper John Vincent for speeding. Vincent asked appellant for his driver's license and to step to the rear of appellant's vehicle. During this initial contact, Vincent noticed that appellant did not make eye contact, that his body was very stiff, and that he was shaking when he handed Vincent his driver's license. Vincent returned to his vehicle and ran a warrant and criminal history check on appellant. The return on these checks indicated that appellant had been placed under military arrest on three prior occasions, each for drug-related offenses, and that he had been convicted of one of these offenses. However, appellant had no outstanding warrants for his arrest. When Vincent returned appellant's license to him, Vincent asked appellant if he had ever been arrested. Appellant stated that he had not. Vincent then asked appellant for permission to search his vehicle. Appellant did not consent to a search. At approximately 7:19 p.m., Vincent returned to his vehicle and requested a canine unit be sent to his location.

Because the canine unit was not on duty at this time, the canine unit did not arrive at the scene of the detention until approximately 7:48 p.m. During the intervening 29 minutes, appellant waited beside the road. Upon its arrival, the drug-detection dog was taken around appellant's vehicle and alerted on the trunk area of appellant's vehicle. The trunk of appellant's vehicle was then searched and six tablets of methylenedioxy

methamphetamine (commonly known as "ecstacy") were discovered in a jacket in the trunk. Based on the discovery of these narcotics, appellant was arrested.

The trial court held a hearing on appellant's motion to suppress the evidence obtained as a result of the detention and search of the vehicle. At this hearing, appellant conceded that the stop was justified at its inception, but contended that the continued detention for 29 minutes was not justified and that any evidence resulting from this illegal detention should be suppressed. Vincent testified that he continued the detention of appellant because he suspected that appellant possessed narcotics based on appellant's extreme nervousness, his history of multiple drug-related offenses, and his lying about prior arrests. After hearing the testimony of Vincent and the arguments of counsel, the court denied appellant's motion.

On appeal, appellant presents three issues: that the trial court erred in denying appellant's motion to suppress because the duration of the traffic stop violated (1) the Fourth Amendment of the United States Constitution, (2) article one, section nine of the Texas Constitution, and (3) article 38.23 of the Texas Code of Criminal Procedure. However, appellant's argument in support of each of these alleged violations is the same.

A trial court's denial of a motion to suppress is reviewed for abuse of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside of the zone in which reasonable persons might disagree. Cantu v. State, 842 S.W.2d 667, 682 (Tex.Crim.App. 1992). In reviewing a ruling on a motion to suppress, we give almost total deference to a

3

trial court's determination of historical facts if they are supported by the record. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). When the trial court does not make explicit findings of fact, we assume that the trial court made implicit findings that are supported by the record and that would support the trial court's ruling. See Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex.Crim.App. 2000). However, we review the application of the law, including the law of Fourth Amendment searches and seizures, to the facts *de novo*. Id. at 327.

A law enforcement officer may lawfully stop a motorist when the officer has probable cause to believe that the motorist has committed a traffic violation. Walter v. State, 28 S.W.3d 538, 542 (Tex.Crim.App. 2000). A routine traffic stop is in the nature of an investigative detention and must be reasonably related in scope to the circumstances that justified the interference in the first place. See Berkemer v. McCarty, 468 U.S. 420, 439, 104 S.Ct. 3138, 3149-50, 82 L.Ed.2d 317 (1984); Davis v. State, 947 S.W.2d 240, 244 (Tex.Crim.App. 1997). To determine the reasonableness of an investigative detention, we apply the Terry test: (1) whether the officer's action was justified at its inception, and (2) whether it was reasonably related in scope to the circumstances that justified the initial interference. See Terry v. Ohio, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); Davis, 947 S.W.2d at 244. An investigative detention may last no longer than is necessary to carry out the purposes of the stop. Florida v. Royer, 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Davis, 947 S.W.2d at 243. However, if during the course of a valid investigative detention, the officer develops a reasonable suspicion that the detainee is engaged in criminal activity, a continued detention is justified. See State

4

v. Gray, 157 S.W.3d 1, 5 (Tex.App.–Tyler 2004), aff'd, 158 S.W.3d 465 (Tex.Crim.App. 2005). The officer must be able to point to specific articulable facts, which, based on his experience and personal knowledge coupled with logical inferences drawn from these facts, warrant the additional intrusion. Davis, 947 S.W.2d at 244. Whether the officer's suspicion is reasonable is determined from the totality of the circumstances. Woods v. State, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997).

In the present case, appellant conceded the validity of the traffic stop at its initiation. Thus, Vincent's actions were justified at their inception and the first prong of the Terry test was met. However, under the second prong of the Terry test, an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Royer, 460 U.S. at 500; Terry, 392 U.S. at 20. Appellant contends that Vincent was unable to articulate specific facts sufficient to establish reasonable suspicion to continue the detention beyond the time necessary to conclude the traffic stop.

Vincent testified that he suspected that appellant was in possession of narcotics based on appellant's extreme nervousness, his history of multiple drug-related offenses, and his lying about having been previously arrested. As we assume that the trial court made implicit findings that are supported by the record and that would support the trial court's ruling, we will accept these facts as true. Carmouche, 10 S.W.3d at 327-28. In light of Vincent's personal knowledge and experience, we conclude that these facts constituted sufficient specific and articulable facts, when coupled with the reasonable inferences that can be drawn therefrom, to reasonably justify continuing appellant's detention beyond the time necessary to conclude the traffic stop. See Coleman v. State,

5

188 S.W.3d 708, 719 (Tex.App.–Tyler 2005, pet. ref'd) (prior drug-related arrests, lying about criminal history, and possession of jeweler's bags constituted reasonable suspicion); Powell v. State, 5 S.W.3d 369, 378 (Tex.App.–Texarkana 1999, pet. ref'd) (nervousness, conflicting information, prior drug offenses, and lying about prior arrests constituted reasonable suspicion).

Appellant further contends that the duration of the continued detention was unreasonable and violated his rights. To determine whether the duration of an investigative detention was reasonable, we must determine "whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicion quickly . . . ." United States v. Sharpe, 470 U.S. 675, 685-86, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985); St. George v. State, 197 S.W.3d 806, 816-17 (Tex.App.–Fort Worth 2006, no pet. h.). In the present case, Vincent called for the canine unit immediately after he acquired sufficient facts to continue the detention of appellant. Therefore, we conclude that Vincent was diligent in initiating this portion of his investigation. Further, an olfactory inspection by a police dog trained to detect the odor of illegal drugs was a means of investigation that was likely to confirm or dispel Vincent's suspicion quickly. That it took the canine unit 29 minutes to arrive at the scene of the detention due to the canine unit being off duty and being the only such unit in the county does not make the detention unreasonable. See Sharpe, 470 U.S. at 687 (20 minute detention to allow canine sniff was reasonable); Haas v. State, 172 S.W.3d 42, 54 n.8 (Tex.App.–Waco 2005, pet. ref'd) (same); Sims v. State, 98 S.W.3d 292, 294 (Tex.App.–Houston [1st Dist.] 2003, pet. ref'd) (same). But see United

6

States v. Place, 462 U.S. 696, 709-10, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (90 minute detention unreasonable when agents did not act diligently to minimize the delay).

Having determined that appellants rights were not violated by the detention, subsequent search, or seizure of the illegal drugs, we overrule appellant's issues and affirm the trial court's denial of appellant's motion to suppress.

Mackey K. Hancock
Justice

Do not publish.