Opinion issued January 31, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00911-CR






MICHAEL HIGGINS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 1387547






MEMORANDUM OPINION

 Appellant, Michael Higgins, pleaded guilty to the offense of possession of
marihuana, and the trial court accepted a plea agreement and sentenced him to a
$200.00 fine and a one-year suspension of his driver's license. Tex. Health &
Safety Code § 481.121 (Vernon 2003). In three issues, appellant challenges the trial
court's denial of his motion to suppress evidence.

 We affirm.

Background

 Around 11:30 p.m. on July 3, 2006, Harris County Sheriff's Deputy Terry B.
Jackson watched appellant change lanes and make a U-turn from the right-hand lane,
all without signaling. Deputy Jackson signaled appellant to stop. Instead of stopping
immediately, appellant slowed down but continued driving, which caused Deputy
Jackson to suspect that "something was going on in the vehicle at that time." 
According to Deputy Jackson, appellant finally stopped in the middle of the road in
the moving lane of traffic. Deputy Jackson approached appellant's vehicle and saw
some "furtive movement" when he shined his spotlight inside. Deputy Jackson
testified that appellant immediately "rolled his window down, and I noted the strong
odor of recent burnt marijuana coming from the interior of the vehicle." 

 Strongly suspecting that appellant and the passengers had been smoking and
were in possession of marihuana, Deputy Jackson detained and searched appellant to
make sure appellant had no weapons. During the pat down, Deputy Jackson felt a
hard object in appellant's left pocket, which he removed. Based on his experience,
he believed the object to be a bag of marihuana, as later testing confirmed. 

 Deputy Jackson handcuffed appellant and put him in the patrol car. Jackson
then frisked and detained the occupants of the vehicle and determined that none of
them had a driver's license. He searched the vehicle and found a partially smoked
marihuana cigar on the driver's side.

 Appellant was charged with misdemeanor possession of marihuana. The trial
court heard testimony from two witnesses: Deputy Jackson and one of appellant's
passengers, who contradicted Deputy Jackson's account. The trial court issued
written findings of fact and conclusions of law. 

 The Court having carefully considered the presented facts and the
credibility of the witnesses finds that Deputy Jackson had a reasonable
suspicion to stop the Defendant based upon his observation of a traffic
offense. After the stop the deputy, who had significant experience in the
detection and intervention of narcotics, immediately detected the "strong
odor of recently burned marijuana," and furtive movements in the
stopped vehicle.


 Deputy Jackson had a reasonable suspicion based upon his training and
observations to elevate his investigation to the level of probable cause to
search the Defendant.


 Upon the initial "Terry" frisk he felt a hard object in Defendant's front
pocket which later turned out to be a money clip and cell phone. Based
upon the deputy's reasonable suspicion and probable cause he reached
into the Defendant's pocket and immediately felt what he suspected to
be a sandwich bag of marijuana and removed the bag, discovering
exactly what he suspected, a bag of marijuana.




Standard of Review


 We review a trial court's ruling on a motion to suppress evidence for abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor
v. State, 945 S.W.2d 295, 297 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). The
appellate court will afford almost total deference to a trial court's determination of
historical facts that the record supports, especially when the findings are based on the
evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997). The fact-finder is the sole judge of the witnesses' credibility and
may accept or reject any or all of the witnesses' testimony. Taylor, 945 S.W.2d at
297. In reviewing a ruling on a question of application of law to facts, we review the
evidence in the light most favorable to the trial court's ruling. Guzman, 955 S.W.2d
at 89.

 When a traffic violation is committed in an officer's presence, the officer has
probable cause to conduct a traffic stop. State v. Gray, 158 S.W.3d 465, 469 (Tex.
Crim. App. 2005). A peace officer may arrest an offender without a warrant for any
offense committed in his presence or within his view. Tex. Code Crim. Proc. Ann.
art. 14.01(b) (Vernon 2005). Any peace officer may arrest without warrant a person
found committing a violation of the Rules of the Road. Tex. Transp. Code Ann.
§ 543.001 (Vernon 1999). Incident to such an arrest, a peace officer may lawfully
search the person and passenger compartment of the vehicle. Gray, 158 S.W.3d at
470. A search incident to arrest may lawfully be conducted a few moments prior to
formal custodial arrest. Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim. App.
1986) (citing Rawlings v. Kentucky, 448 U.S. 98, 111, 100 S. Ct. 2556, 2564 (1980)).

Discussion

 In three issues, appellant challenges the trial court's denial of his motion to
suppress evidence, i.e., the bag of marihuana Deputy Jackson found in his pocket. 
Specifically, appellant complains that the trial court erred in finding (1) that there was
reasonable suspicion to stop him, (2) that the Terry frisk was proper, and (3) that
Deputy Jackson properly reached into his pocket. 

 The Transportation Code requires a driver to signal before changing lanes or
turning. Tex. Transp. Code Ann. § 545.104 (Vernon 1999). Deputy Jackson saw
appellant change lanes and turn without using a turn signal. He had probable cause to
stop and arrest appellant at that time. Despite appellant's characterization of the
search as a Terry search, Deputy Jackson conducted a lawful search of appellant and
his vehicle incident to arrest. That Deputy Jackson developed probable cause to arrest
appellant for a different crime, namely, possession of marihuana, does not invalidate
an otherwise lawful detention and search. We hold that the trial court did not abuse
its discretion in denying appellant's motion to suppress evidence.

 We overrule all of appellant's issues.

Conclusion

 We affirm the trial court's judgment.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).