COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




STATE OF TEXAS,


 Appellant,


v.



BRUCE McINTOSH,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00044-CR



Appeal from the


County Court at Law No. Four


of El Paso County, Texas 


(TC# 20050C15218) 





O P I N I O N


 Appellee, Bruce McIntosh, was arrested on October 24, 2005, for driving while
intoxicated. On that evening, Officer Armando Alvarez, and his partner saw Mr. McIntosh 
make a right turn from Cincinnati Street onto northbound Mesa Street in El Paso. Officer
Alvarez witnessed, and the camera in his patrol car videotaped, Mr. McIntosh make a "wide right
turn," entering in the center lane rather than the far right-hand lane. According to Officer
Alvarez, this "wide right turn" was a ticketable offense. Officer Alvarez followed Mr. McIntosh
for a mile and a half on Mesa before he initiated a traffic stop. During that time, Mr. McIntosh's
vehicle swerved within its lane, and straddled the lane dividers.

 After his arrest, Mr. McIntosh filed a motion to suppress arguing the traffic stop was
illegal because the officers did not have reasonable suspicion for the stop, or probable cause for
the arrest based on Mr. McIntosh's driving pattern. The trial court granted Mr. McIntosh's
motion. In a single issue, the State contends the trial court erred in granting Mr. McIntosh's
motion because Mr. McIntosh's undisputed traffic violation provided the officers with grounds to
conduct a traffic stop regardless of any subjective motivation Officer Alvarez may have had in
making the stop.

 A trial court's ruling on a motion to suppress, is reviewed under a bifurcated standard. 
Carmouche v. State, 10 S .W.3d 323, 327 (Tex.Crim.App. 2000). The reviewing court gives
almost total deference to the trial court's ruling on questions of historical fact and
application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
Johnson v. State, 68 S.W.3d 644, 652-53 (Tex.Crim.App. 2002). Mixed questions of law and
fact that do not turn on the credibility and demeanor of a witness are reviewed de novo. Id.
When the trial court does not file any findings of fact, as here, we review the evidence in the light
most favorable to the trial court's ruling. Torres v. State, 182 S.W.3d 899, 902 (Tex.Crim.App.
2005). We will assume that the trial court made implicit findings of fact that support its ruling,
as long as those findings are supported by the record. Id. We will uphold the trial court's ruling
if it is correct on any theory of law applicable to the case. State v. Ross, 32 S.W.3d 853, 855-56
(Tex.Crim.App. 2000).

 There are two possible grounds for the trial court's ruling: (1) the court determined
Mr. McIntosh did not, in fact, make an illegal right turn and, therefore, there was no traffic
violation to serve as a basis for the stop; or (2) the trial court determined the officers did not stop
Mr. McIntosh because of the traffic violation, but because they were generally looking for
persons driving under the influence of alcohol. Option one is simply not supported by the record,
and option two is not supported by a correct legal theory, so we must reverse the trial court's
ruling.

 Texas Transportation Code Section 545.101 provides that an automobile operator makes
a lawful right turn at an intersection by turning, "as closely as practicable to the right-hand curb
or edge of the roadway." Tex.Transp.Code Ann. § 545.101(a)(Vernon 1999). Therefore a
driver commits a traffic violation by failing to complete a right turn in the right-hand lane. See
id.

 The officer's testimony and video evidence both indicate Mr. McIntosh made an
improper right turn when he entered northbound Mesa. Mr. McIntosh does not challenge the fact
that he made an illegal turn. There is nothing in the record to support a finding that no traffic
violation occurred. The trial court's ruling cannot be supported based on such a fact-finding. 
See State v. Rascbaum, No. PD-1221-05, 2007 WL 1706035 at * 2 (Tex.Crim.App. June 13,
2007).

 The trial court's ruling also fails under option two. The Texas Code of Criminal
Procedure gives an officer the power to, "arrest an offender without a warrant for any offense
committed in his presence or within his view." See Tex.Code Crim.Proc.Ann. art.
14.01(b)(Vernon 2005). The Texas Transportation Code provides, "[a]ny peace officer may
arrest without warrant a person found committing a violation of this subtitle." (1) 
Tex.Transp.Code Ann. § 543.001. An arrest for a minor traffic violation is not an
unreasonable seizure for Fourth Amendment purposes. See Atwater v. City of Lago Vista, 532
U.S. 318, 354, 121 S.Ct. 1536, 1557, 149 L.Ed.2d 549 (2001); State v. Gray, 158 S.W.3d 465,
469 (Tex.Crim.App. 2005). The fact that an officer may have subjectively had an alternative
motivation for arresting the offender does not make an otherwise legal stop unlawful. See Gray,
158 S.W.3d at 469-70; Garcia v. State, 827 S.W.2d 937, 944 (Tex.Crim.App. 1992); State v.
Hopper, 842 S.W.2d 817, 820-21 (Tex.App.--El Paso 1992, no pet.).

 By failing to complete his turn in the far right-hand lane on Mesa Street, Mr. McIntosh
violated Section 545.101(a). See Tex.Transp.Code Ann. § 545.101(a). The traffic violation
provided Officer Alvarez with a lawful basis to initiate a traffic stop. See Gray, 158 S.W.3d at
469-70. The trial court's implicit finding to the contrary was error. The State's sole point of
error must be sustained.

 The trial court's judgment is reversed and the case is remanded for further proceedings
consistent with this opinion.


January 31, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. The subtitle referred to is Title 7, Subtitle C of the Texas Transportation Code, also
known as "Rules of the Road." See Tex.Transp.Code Ann. Title 7, Subtitle C ("Rules of the
Road")(Vernon 1999).