Opinion issued April 22, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00390-CR

———————————

Donald E. Nelson, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 185th District Court

Harris County, Texas



Trial Court Case No. 1137524

 



 

MEMORANDUM OPINION

Appellant Donald E. Nelson was convicted by a
jury of possession of cocaine weighing less than one gram.  See
Texas Controlled Substances Act, Tex.
Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a), (b) (Vernon Supp. 2009).  Nelson pleaded true to two prior felony
convictions for aggravated assault with a deadly weapon and theft, and the
trial court assessed punishment at imprisonment for six years.  See
Tex. Penal Code Ann. § 12.42(a)(2) (Vernon Supp. 2009).  Nelson brings two issues, claiming (1) the
trial court erred in denying his motion to suppress evidence and (2) the
evidence is factually insufficient to support his conviction.  We affirm.

Background

Houston
Police Office C. Cayton testified at trial that he was an undercover narcotics
officer.  He was approached by a person
who wanted to be a confidential informant, and the informant offered to call a
drug dealer she knew and set up a purchase. 
The informant told Officer Cayton the amount of the drug purchase, the
location of the sale, the name of the dealer, and a description of the dealer’s
car.

          Officer Cayton and the
informant set up surveillance down the road from the motel where the sale was
to take place.  When the informant saw
Nelson’s car, she identified Nelson as the drug dealer.  Officer Cayton followed Nelson’s car and
observed two lane changes without signaling, which is a traffic violation.  See
Tex. Transp. Code Ann. § 545.104(a) (Vernon 1999).  Officer Cayton asked his partner, Officer R.
Gardner, who was in a marked police car, to conduct a traffic stop of Nelson’s
car because of the traffic violation Officer Cayton observed.  See id.
§ 543.001 (“Any peace officer may arrest without warrant a person found
committing a violation of this subtitle.”). 
After Officer Gardner arrested Nelson and found cocaine in his car,
Officer Gardner gave the cocaine to Officer Cayton.

Officer W. McPherson testified at trial that he
assisted Officer Cayton with this case.  Officer
McPherson confirmed that the confidential informant told them in advance the
amount of the drug purchase, the location of the sale, the name of the dealer,
and a description of the dealer’s car.  After
Nelson’s car was stopped by Officer Gardner, Officer McPherson went to the
scene and read Nelson his rights.  Officer
McPherson testified that Nelson waived his rights and asked if there was
anything he could do “to make this go away.”

          Officer Gardner testified
at trial that he assisted Officers Cayton and McPherson with this case, driving
separately in a marked police car.  After
Officer Cayton observed Nelson change lanes without signaling, Officer Gardner
pulled over Nelson’s car.  Once Nelson
stopped his car, Officer Gardner testified that he saw Nelson “place his hands
underneath his seat area.  Then he came
up and I saw him making some kind of movements around his mouth, like he was
putting something in his mouth.”  Officer
Gardner also testified that he did not see the passenger in Nelson’s car reach
under the seats or make any movements toward Nelson.

          Officer Gardner testified
that he asked Nelson to step outside of the car because he saw him put
something under the seat, which he thought could have been a weapon.  Officer Gardner thought that Nelson might
have put contraband in his mouth, but Nelson refused to open his mouth.  After handcuffing Nelson, Officer Gardner
asked the passenger to get out of the car. 
Once both Nelson and the passenger were handcuffed and under the control
of other police officers, Officer Gardner searched the car and found a plastic
bag containing several rocks of crack cocaine under the driver’s seat.

          Paul Burson testified at
trial that on the day of the incident Nelson gave him a ride to work.  Before taking Burson to work, Nelson went to a
motel, which was where the police stopped the car.  Burson testified that before he got out of
the car he put a bag of crack cocaine under the driver’s seat.  Burson further testified that the crack
cocaine belonged to him and that Nelson did not know that Burson had the
cocaine.  Burson said he later went to
the District Attorney’s office and gave a statement, but he never heard back
from that office.  On cross‑examination,
Burson admitted that he did not tell the arresting police officers that the
cocaine belonged to him.

          At trial, Nelson moved to
suppress the introduction of the cocaine into evidence.  The ground for the motion to suppress was that
the search of Nelson’s car was an unreasonable search and seizure because the
police purportedly had no probable cause. 
Nelson’s written motion to suppress claimed that that the police “did
not observe any criminal activity committed by the Defendant.”  At trial, Nelson argued that the movements
Officer Gardner testified about were also consistent with Nelson looking for
his identification to give to the police officer.

Analysis

Motion to suppress

          In his
first issue, Nelson claims the
trial court erred in denying his motion to suppress evidence of the cocaine in violation of the
United States Constitution, Texas Constitution, and Code of Criminal Procedure.  See
U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex.
Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).  Nelson acknowledges that the police stopped
his car for failure to signal a turn and that the police saw him make movements
in the car.  Nelson, however, does not make
a specific argument with citations to authority to explain why this search was unlawful.

          The
trial court had before it evidence of the information the confidential
informant gave to the police, testimony that Nelson committed a traffic
violation, and testimony that Officer Gardner saw Nelson put something under
the seat, which Gardner thought could have been a weapon.  On appeal of a trial court’s ruling on a
motion to suppress, we must give almost total deference to the trial court’s
findings of facts.  Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

          When
a police officer stops a defendant without a warrant and without the
defendant’s consent, the State has the burden at a suppression hearing of
proving the reasonableness of the stop.  Amador v. State, 221 S.W.3d 666, 672–73
(Tex. Crim. App. 2007); Russell v. State, 717 S.W.2d 7, 9–10 (Tex. Crim.
App. 1986).  A police officer can stop
and briefly detain a person for investigative purposes if the officer has a
reasonable suspicion supported by articulable facts that criminal activity may
be afoot, even if the officer lacks evidence rising to the level of probable
cause.  Ornelas v. United States, 517 U.S. 690, 693, 116 S. Ct. 1657, 1660
(1996); Terry v. Ohio, 392 U.S. 1, 27–30, 88 S. Ct. 1868, 1883–84
(1968); Woods v. State, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997); Citizen v. State, 39 S.W.3d 367,
370 (Tex. App.—Houston [1st Dist.] 2001, no pet.).  The reasonableness of a temporary detention
must be examined in terms of the totality of the circumstances and will be
justified when the detaining officer has specific articulable facts which,
taken together with rational inferences from those facts, lead the officer to
conclude that the person detained actually is, has been, or soon will be
engaged in criminal activity.  Woods,
956 S.W.2d at 38.

          Based
on the information the confidential informant gave to the police, testimony
that Nelson committed a traffic violation, and testimony that Officer Gardner
saw Nelson put something under the seat, which Officer Gardner thought could
have been a weapon, we conclude that Officer Gardner was justified in
temporarily detaining and arresting Nelson. 
See Tex. Code Crim. Proc. Ann.
art. 14.01(b) (Vernon 2005) (authorizing peace officer to arrest offender without warrant for any
offense committed in officer’s presence or within officer’s view);
Tex.
Transp. Code Ann. § 543.001 (Vernon 1999); Atwater v. City of Lago Vista, 532 U.S.
318, 354, 121 S. Ct. 1536, 1557 (2001) (“If an officer has probable cause to
believe that an individual has committed even a very minor criminal offense in
his presence, he may, without violating the Fourth Amendment, arrest the
offender.”); State v. Gray,
158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005).

Officer
Gardner then searched Nelson’s car, which at the time of the incident was widely
understood to be fully consistent with the Fourth Amendment.  See New York v. Belton, 453 U.S. 454, 460, 101 S.
Ct. 2860, 2864 (1981) (“when a policeman has made a lawful custodial arrest of
the occupant of an automobile, he may, as a contemporaneous incident of that
arrest, search the passenger compartment of that automobile”); Gray, 158
S.W.3d at 470.  We are aware that the United States Supreme Court on
April 21, 2009 held that “[p]olice may search a vehicle incident to a recent
occupant’s arrest only if the arrestee is within reaching distance of the
passenger compartment at the time of the search or if it is reasonable to
believe the vehicle contains evidence of the offense of arrest.”  Arizona v. Gant, 129 S. Ct. 1710, 1723
(2009).  Appellant, however, did not
preserve this argument at trial by challenging the application of Belton
to his arrest, nor does he argue Gant in
his January 4, 2010 appellant’s brief.

          We
overrule Nelson’s first issue.

Sufficiency of the evidence

          In
the second point of error, Nelson claims the evidence is factually insufficient
to support his conviction because Burson testified that the cocaine was his and
that he put the cocaine under the driver’s seat.  When conducting a factual‑sufficiency
review, we view all of the evidence in a neutral light.  Cain v. State, 958 S.W.2d 404, 408
(Tex. Crim. App. 1997).  We will set the
verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight
and preponderance of the evidence.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Under the first prong of Johnson, we
cannot conclude that a conviction is “clearly wrong” or “manifestly unjust”
simply because, on the quantum of evidence admitted, we would have voted to
acquit had we been on the jury.  Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  Under the second prong of Johnson, we
cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict.  Id. 
Before finding that evidence is factually insufficient to support a
verdict under the second prong of Johnson, we must be able to say, with
some objective basis in the record, that the great weight and preponderance of
the evidence contradicts the jury’s verdict. 
Id.  In conducting a
factual‑sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury’s verdict.  See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).

          We
may not substitute our judgment for that of the fact‑finder.  King v. State, 29 S.W.3d 556, 563
(Tex. Crim. App. 2000).  The fact‑finder
alone determines what weight to place on contradictory testimonial evidence
because that determination depends on the fact‑finder’s evaluation of
credibility and demeanor.  Cain,
958 S.W.2d at 408–09.  As the judge of
the credibility of the witnesses, the fact‑finder may choose to believe
all, some, or none of the testimony presented. 
Id. at 407 n.5.  The standard
for reviewing the factual sufficiency of the evidence is whether, after
considering all of the evidence in a neutral light, the jury was rationally
justified in finding guilt beyond reasonable doubt.  Watson, 204 S.W.3d at 415.

          The
jury chose to not believe Burson’s testimony. 
It is the jury’s role to judge the credibility of witnesses.  See
Cain, 958 S.W.2d at 407 n.5.  After
considering all of the evidence in a neutral light, including the information
from the confidential informant and Officer Gardner’s testimony that he saw
Nelson place his hands underneath the driver’s seat, we cannot say that the
jury’s verdict is against the great weight and preponderance of the evidence.

We overrule Nelson’s
second issue. 

Conclusion

          We
affirm the trial court’s judgment.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Keyes, Sharp, and
Massengale.

Do not publish. 
Tex. R. App. P. 47.2(b).