Opinion issued June 14, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. No. 01-11-00445-CR

———————————

Herbert Lee Smith III, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 122nd District Court

Galveston County, Texas



Trial Court Case No. 09CR2799

 



 

MEMORANDUM OPINION

Herbert Lee Smith III was charged by indictment with
possession of a controlled substance weighing more than four grams but less
than two hundred grams.  After the trial
court denied Smith’s motion to suppress, Smith pleaded guilty and was sentenced
to forty-two months in prison.  In his
sole issue on appeal, Smith argues that the trial court erred in denying his
motion to suppress because the arresting officer had no warrant and stopped
Smith to investigate a suspected drug transaction the officer had not
witnessed.  We affirm.

Background

Smith
was arrested on July 23, 2009, for failing to signal continuously for not less
than 100 feet before making a right hand turn. 
The arresting officer, E. Garcia of the Houston Police Department, drove
Smith to the county jail in Garcia’s patrol car.  At the jail, Garcia found a bag of crack
cocaine on the floorboard of his patrol car under Smith’s feet.  Smith was charged with possession of a
controlled substance.  He filed a
pre-trial motion to suppress his arrest and the evidence relating to his arrest,
arguing that he was stopped, searched, and arrested without a warrant, probable
cause, or other lawful authority in violation of the federal and Texas constitutions
and Texas Code of Criminal Procedure section 38.23.  

On
January 26, 2011, the trial court held a hearing on Smith’s pre-trial motion to
suppress.  Officer Garcia testified.  According to Garcia, another officer instructed
Garcia to search for Smith’s car because police suspected that Smith had been involved
in a drug deal.  Garcia testified that he
stopped Smith because he saw Smith commit a traffic violation: failing to “signal continuously for
not less than the last 100 feet of movement of the vehicle before
[a] turn.”  According to Garcia, he stopped
Smith on the basis of that traffic violation. 
When Garcia asked Smith for his license and insurance, Smith turned away
from Garcia and began searching through his center console.  Garcia testified that he became nervous and
pulled Smith out of the car for Garcia’s safety.  According to Garcia, he arrested Smith and
believed he saw Smith chewing on and swallow something.  Garcia saw white residue on Smith’s mouth, but
after searching for thirty to forty minutes, Garcia and other officers did not
recover any drugs.  The State played Garcia’s
patrol car video and audio recording of the stop.  

On
cross examination, Garcia admitted that he pulled Smith over after observing
Smith commit a traffic violation because Garcia had information that Smith may
have been involved in a drug deal. 
Garcia also agreed that he questioned Smith about the drug investigation
and that he falsely told Smith he knew of Smith’s involvement in an earlier
drug deal.  It was not until they arrived
at the county jail that Garcia found the baggie of crack cocaine in the
backseat of his police vehicle.

After
the hearing, the trial court denied Smith’s motion to suppress but did not make
findings of fact or conclusions of law. 
Smith pleaded guilty to possession of cocaine.  This appeal followed. 

 

 

Standard of Review

“In review of a trial court’s
ruling on a motion to suppress, an appellate court must apply a standard of
abuse of discretion and overturn the trial court’s ruling only if it is outside
the zone of reasonable disagreement.”  Martinez v. State, 348 S.W.3d 919, 922
(Tex. Crim. App. 2011).  We use a bifurcated standard of review and give “almost
total deference to a trial court’s determination of historic facts and mixed
questions of law and fact that rely upon the credibility of a witness, but
applying a de novo standard of review to pure questions of law and mixed
questions that do not depend on credibility determinations.”  Id.
at 922–23.  In a hearing on a motion to suppress, the trial court is the sole trier
of fact and judge of the credibility of the witnesses and the weight to be
given their testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000).  A reviewing court views the record in the light most favorable
to the trial court’s ruling.  Id. 
When the trial court files no findings of fact or conclusions of law,
the appellate court assumes that the trial court made implicit findings of fact
supporting its ruling, as long as those findings are supported by the record.  Id.

Analysis 

Smith
acknowledges that pretextual stops are legal but argues Garcia’s stop of Smith
was not pretextual because Garcia admitted that the reason he wanted to stop
Smith was to investigate Smith’s suspected involvement in a drug deal.  The State contends that Garcia had an
objective reason to stop and arrest 
Smith—Garcia saw Smith commit a traffic violation—and therefore Garcia’s subjective
reason for the stop is irrelevant.  

It
is well established that, when a traffic violation is committed within an
officer’s view, the officer may lawfully stop and detain the person for the
traffic violation.  Walter v. State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000).  The Texas Transportation Code requires that an
operator “intending to turn a vehicle right or left shall signal continuously
for not less than the last 100 feet of movement of the vehicle before the
turn.”  Tex.
Transp. Code Ann. § 545.104(b) (West 2011).  Section 543.001 of the Texas Transportation
Code allows any peace officer to arrest without a warrant a person found
committing a traffic violation, other than speeding or a violation of the open
container law.  Tex. Transp. Code 
Ann. § 543.001, 543.004(a)(1) (West 2011).  An arrest for a minor traffic violation is not
an unreasonable seizure under the Fourth Amendment.  See
Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S. Ct. 1536, 1557
(2001); State v. Gray, 158 S.W.3d
465, 469 (Tex. Crim. App. 2005).  

Smith
does not contest that he failed to signal continuously for at least 100 feet
before making a turn.  Rather, Smith
argues that the stop was unlawful even if there was an objective reason for the
stop because Garcia testified that he was searching specifically for Smith and
wanted to detain Smith to investigate Smith’s suspected involvement in a drug
deal.  We disagree with Smith’s
contention that the stop was unlawful.  The
Texas Court of Criminal Appeals has held that “[t]he fact that the officer may have had
another subjective motive for seizing [appellant] would not have made an
objectively reasonable seizure unlawful under the constitutions of the United
States or of this state.”  Gray,
158 S.W.3d at 469–70 (citing Whren v. United
States, 517 U.S. 806, 116 S. Ct. 1769 (1996); Crittenden v. State, 899 S.W.2d 668 (Tex. Crim. App. 1995)).  Regardless of Garcia’s
reason for following Smith, once Smith committed a traffic violation, Garcia could
properly stop and arrest Smith on the basis of the traffic violation.  See Tex. Transp. Code Ann. § 543.001 (“Any
peace officer may arrest without warrant a person found committing a violation
of this subtitle.”).  Although Garcia testified
that he wanted to find Smith’s car to “investigate a possible drug case,”
Garcia also testified that he stopped and arrested Smith because Smith did not
signal continuously for not less than the last 100 feet of movement before
making a right turn.  The video taken by
Garcia’s in-car camera corroborated Garcia’s testimony.  Thus, regardless of Garcia’s subjective motivation
for stopping Smith, Garcia had a lawful basis to stop and arrest Smith and could
conduct a search incident to that arrest. 
See Thornton v. United States,
541 U.S. 615, 617, 124 S. Ct. 2127, 2129 (2004) (allowing search of car
incident to lawful arrest).  The record supports the
trial court’s implicit finding that Smith committed a traffic violation; Garcia
therefore had probable cause to stop and arrest Smith and search Smith’s car.  See Gray,
158 S.W.3d at 469–70 (holding that despite officers subjective intent to search
appellant for drugs, the stop and arrest of appellant were lawful when there
was undisputed evidence that officers following appellant saw him commit
traffic violation); see
Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App.
1992) (even
if arresting officer had second subjective reason for stopping vehicle, trial
court erred in suppressing evidence because officer had objective reason for
arrest when appellant failed to stop at stop sign).  

We overrule Smith’s sole
issue.  

Conclusion

We affirm the judgment of the trial court.

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel consists of Justices Higley, Sharp, and Huddle.

Do not publish. 
 Tex. R. App. P. 47.2(b).