

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00380-CR

_____

MARTIN LOPEZ, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1466345D

---

Before Gabriel, Kerr, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

Appellant Martin Lopez appeals his conviction and fifteen-year sentence for possession with intent to deliver more than 400 grams of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.112(f). In three issues, he urges us to rely on inapposite and nonbinding caselaw to unilaterally conclude that a warrantless arrest for an offense punishable only by a fine violates both the state and federal constitutions. We will affirm.

On June 28, 2016, Officer Joshua Stelter stopped Lopez's vehicle for not stopping at a stop sign and for failing to signal a turn. After ordering Lopez to exit the vehicle (because Lopez appeared nervous, because Office Stelter was suspicious of Lopez's story about traveling from Arizona to Dallas for a concert, and because Officer Stelter wanted to separate Lopez from a female passenger in the vehicle), Officer Stelter placed Lopez under arrest for the misdemeanor offenses of failing to stop at a stop sign and failing to signal a turn. A police officer with a drug dog then arrived on the scene—thirteen minutes after Officer Stelter initially stopped Lopez's vehicle—and the dog alerted to the possible presence of drugs in the vehicle. Police searched the vehicle and found methamphetamine. The trial court later denied Lopez's motion to suppress the illegal drugs, concluding in part that "[a]s a result of the lawful arrest, any further extension of the traffic stop was justified to complete the investigation."

For some time, it has been settled that neither the Fourth Amendment nor article I, section 9 of the Texas constitution prohibits police from making a warrantless arrest for a minor offense that is punishable by fine only. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 1557 (2001); *State v. Gray*, 158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005). In his three issues, Lopez invites us to reconsider the matter in light of several legal developments, including (1) the United States Supreme Court's holding in *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), that in the absence of reasonable suspicion, police may not extend an otherwise-completed traffic stop in order to conduct a dog sniff; (2) Justice O'Connor's dissent in *Atwater*, reasoning that a warrantless arrest for a misdemeanor offense is unreasonable under the Fourth Amendment; (3) the Supreme Court's decision in *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710 (2009), clarifying the parameters of a vehicle search incident to arrest; and (4) the fact that five states have construed their respective constitutions to prohibit a warrantless arrest for a fine-only offense. These developments, Lopez contends, "suggest a movement toward protecting individual rights against police intrusion consistent with the actual wording of the respective constitutional provisions against unreasonable searches and seizures." We are not convinced.[1]

---

[1]We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress evidence. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We defer almost totally to a trial court's rulings on questions of historical fact and application-of-law-to-fact

3

*Rodriguez* is unpersuasive because unlike the dog sniff there, which occurred after the investigatory detention had *concluded*, the dog sniff here occurred after Lopez was *arrested*, thereby implicating an entirely different area of Fourth Amendment jurisprudence and rendering *Rodriguez* inapposite. 135 S. Ct. at 1613–14.

Justice O'Connor's dissenting opinion in *Atwater* is also not persuasive because, as article I, section 9 affords no greater protection than the Fourth Amendment, *Crittenden v. State*, 899 S.W.2d 668, 673 n.8 (Tex. Crim. App. 1995), we have no reason to stray from the *Atwater* majority's construction that the Fourth Amendment does not prohibit police from effecting a warrantless arrest for a fine-only offense—an issue that *Gant* does not speak to either directly or indirectly.

And while five other states may now prohibit a warrantless arrest for a fine-only offense, our legislature has spoken on the matter and has made it abundantly clear that Texas does not share the same opinion. *See* Tex. Transp. Code Ann. § 543.001 ("Any peace officer may arrest without a warrant a person found committing a [traffic violation]."). Moreover, as an intermediate appellate court, we are bound to follow the precedent issued by the court of criminal appeals on this topic. *See Gray*, 158 S.W.3d at 469–70 (referencing Transportation Code Section

---

questions that turn on evaluating credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

543.001 and stating that "[s]uch an arrest for a minor traffic offense is not an unreasonable seizure under the Fourth Amendment").

The trial court did not err by denying Lopez's motion to suppress. We overrule Lopez's three issues and affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 14, 2019