**Joshua RODGERS, Appellant**

v.

**The STATE of Texas, State**

**NO. 02-15-00324-CR**

Court of Appeals of Texas,
Fort Worth.

DELIVERED: August 25, 2016

Michael E. Crowder, Julian, Crowder & Shuster, P.C. Lewisville, TX, Attorney for Appellant.

Paul Johnson, Criminal District Attorney; Catherine Luft, Chief of the Appellate Section; Brendan Hyde, Lauren Marshall, Jesse Davis, Assistant Criminal District Attorneys for Denton County, Denton, TX, Attorney for State.

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

1. *Amador v. State,* 221 S.W.3d 666, 673 (Tex. Crim.App.2007); *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997).

## OPINION

### LEE ANN DAUPHINOT, JUSTICE

A jury convicted Appellant Joshua Rodgers of felony driving while intoxicated (DWI), and the trial court sentenced him to seven years' confinement. Appellant brings a single issue on appeal challenging the trial court's denial of his motion to suppress evidence obtained as the result of his detention by the police. Because the trial court did not err by denying Appellant's motion to suppress, we affirm the trial court's judgment.

### Brief Facts

Officer Timothy Stebbins was stopped at a red light when he heard someone "screaming loudly a bunch of cursing" several cars in front of him. When he pulled forward and stopped behind Appellant's truck, Officer Stebbins saw that Appellant's truck and a car were stopped side-by-side at a red light. Appellant was out of his truck yelling at the driver of the car in what both Appellant and the State describe as a "road rage" incident. After Officer Stebbins got out of his car and asked Appellant what was going on, both Appellant and the other driver drove away when the light turned green. Officer Stebbins followed Appellant for about five city streets and saw no traffic violations. He stopped Appellant "to investigate what was going on." The officer wanted to make sure there had not been a crash or an assault. Officer Stebbins smelled alcohol. Another officer, Jacque Moore, conducted the field sobriety tests and subsequently arrested Appellant for DWI.

### Motion to Suppress

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.[1] We give

almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor.[2]

 Appellant argues that Officer Stebbins had no reasonable suspicion to detain him, but the undisputed evidence reveals that Officer Stebbins saw Appellant commit a crime before detaining him. Officer Stebbins therefore had not only reasonable suspicion to detain Appellant; he had probable cause to arrest.[3] As the Texas Court of Criminal Appeals has explained,

> An officer must ... have probable cause for arrest. The test for probable cause is:
>
>> Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested) person had committed or was committing an offense.[4]

A peace officer may make a warrantless for any offense "committed in his presence or within his view."[5] A person commits the offense of disorderly conduct when that person "uses abusive, indecent, profane, or vulgar language in a public place, and the language by its very utterance tends to incite an immediate breach of the peace; ... abuses or threatens a person in a public place in an obviously offensive manner; ... [or] makes unreasonable noise in a public place."[6] Officer Stebbins heard and saw Appellant out of his car yelling obscenities at the occupant or occupants of the car beside him. Officer Stebbins's reasonably trustworthy information was provided by his own eyes and ears. He was the eye- and ear-witness to Appellant's committing the offense of disorderly conduct.

 Officer Stebbins testified that he followed and detained Appellant to see what was going on because he wanted to make sure that there had been no crash or assault. His reasons for detaining Appellant were based on seeing Appellant out of his car and hearing him yelling obscenities at the occupant of the car beside him. Even though the officer stated the wrong legal reason for detaining a person, a detention is nonetheless lawful if, as here, the detention is closely related to the unlawful activity the officer observed and there is no proof of fraud or sham.[7]

Because Officer Stebbins had probable cause to arrest Appellant before he ever detained him, the evidence that the police obtained as a result of the detention was not the fruit of an unlawful detention.[8] The trial court, therefore, did not err by denying Appellant's motion to suppress. Consequently, we overrule his sole issue.

2. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim.App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex.Crim.App.2002).

3. *See State v. Gray*, 158 S.W.3d 465, 469–70 (Tex.Crim.App.2005).

4. *Nelson v. State*, 848 S.W.2d 126, 133 (Tex. Crim.App.1992) (citation omitted), *cert. denied*, 510 U.S. 830, 114 S.Ct. 100, 126 L.Ed.2d 66 (1993).

5. Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 2015).

6. Tex. Penal Code Ann. § 42.01(a)(1), (4), (5) (West Supp. 2016).

7. *See Warrick v. State*, 634 S.W.2d 707, 709 (Tex.Crim.App.1982) (citing *Mills v. Wainwright*, 415 F.2d 787, 790 (5th Cir.1969)).

8. *See Gray*, 158 S.W.3d at 469–70.

## Conclusion

Having overruled Appellant's only issue, we affirm the trial court's judgment.