In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00147-CV**

_____

**EDGAR RODRIGUEZ, Appellant**

**V.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee**

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 15-28706**

**MEMORANDUM OPINION**

Edgar Rodriguez appeals the judgment of the county court at law, affirming the administrative law judge's ("ALJ") administrative suspension of Rodriguez's driver's license. By one issue, Rodriguez asserts that the trial court erred in affirming the ALJ's decision to suspend his license. We affirm the county court's judgment.

1

## Background

During the administrative hearing on the suspension of Rodriguez's license, the ALJ admitted into evidence the police officer's sworn report, which incorporated the officer's incident report. According to the report, at approximately 3:20 a.m. on November 11, 2014, while on patrol, the officer was dispatched to the 1100 block of North 7th Street in Conroe, Texas, to respond to a reported incident of a "black Escalade speeding up and down the street and playing . . . music extremely loud." Upon arrival at the address to which he was dispatched, the officer observed a black Cadillac Escalade and "heard the music coming from the vehicle prior to coming in contact with it." The officer stated, "[a]s [he] got closer to the vehicle[,] the music got louder and louder." Thereafter, the officer activated his emergency lights and initiated a traffic stop to further investigate the situation.

The officer stated that Rodriguez was the only occupant of the vehicle. Before the officer reached the vehicle, Rodriguez had opened his door. According to the officer, as he approached the vehicle, he "immediately smelled a strong odor of alcohol emitting from or around Rodriguez's person." After conducting field sobriety tests, the officer placed Rodriguez under arrest for driving while intoxicated. After the officer read Rodriguez his rights, Rodriguez refused to give a sample of his breath or blood.

2

Shortly thereafter, the Texas Department of Public Safety (the "Department") sought to suspend Rodriguez's driver's license, and Rodriguez requested a hearing regarding the suspension. After the administrative hearing, the ALJ signed an administrative decision that authorized the Department to suspend Rodriguez's license. The ALJ made the following findings of fact, in pertinent part:

> On 11-11-14, reasonable suspicion to stop [Rodriguez] existed, in that [the officer] was dispatched to the 1100 block of N. 7th Street, Conroe, Montgomery County, Texas regarding a speeding vehicle that was playing extremely loud music. Upon his arrival on the scene, the officer observed [Rodriguez] operating the vehicle that was playing the extremely loud music.

Rodriguez appealed the ALJ's decision to suspend his driver's license. After a hearing on his appeal, the county court affirmed the ALJ's decision. The county court found that the ALJ's decision "was reasonably supported by substantial evidence and that the decision did not prejudice the substantial rights of [Rodriguez]." Rodriguez appealed the county court's order.

**Standard of Review**

We review administrative license suspension decisions under the substantial evidence standard of review. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *see* Tex. Transp. Code Ann. § 524.043 (West 2013) (describing judicial review of administrative decision to suspend license); Tex. Gov't Code

Ann. § 2001.174 (West 2016) (describing limitations of review under substantial evidence rule). The determination of whether there is substantial evidence to support an administrative decision is a question of law. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006). Under a substantial evidence standard of review, we may not substitute our judgment for that of the agency. Tex. Gov't Code Ann. § 2001.174; *Mireles*, 9 S.W.3d at 131. As the reviewing court, we must decide "not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action. *Mireles*, 9 S.W.3d at 131. We must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support the findings. *Id*. "The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise." *City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 185 (Tex. 1994).

### Reasonable Suspicion

To suspend Rodriguez's license, the Department was required to prove that: (1) the officer had reasonable suspicion or probable cause to stop or arrest Rodriguez; (2) probable cause existed to believe that Rodriguez was operating a motor vehicle in a public place while intoxicated; (3) Rodriguez was placed under

4

arrest and was requested to provide a specimen; and (4) Rodriguez refused the officer's request for a specimen. *See* Tex. Transp. Code Ann. § 724.042 (West 2011); *Tex. Dep't of Pub. Safety v. Rezaee*, No. 09-15-00353-CV, 2016 WL 6110689, at *2 (Tex. App.—Beaumont, Oct. 20, 2016, no pet.) (mem. op.). The Department had the burden to prove these elements by a preponderance of the evidence. *Dept. of Pub. Safety v. Hirschman*, 169 S.W.3d 331, 335 (Tex. App.—Waco 2005, pet. denied).

Rodriguez only challenges the first element, arguing that there is not substantial evidence to support the ALJ's finding that reasonable suspicion existed to initiate the traffic stop of Rodriguez. Rodriguez characterizes the officer's report as conclusory and insufficient, explaining that the officer gave no specific, articulable facts from which a trial court could assess if the officer had reasonable suspicion to initiate the stop of Rodriguez.

"Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). "To support a reasonable suspicion, the articulable facts must show 'that some activity out of the ordinary has occurred, some suggestion to connect

5

the detainee to the unusual activity, and some indication that the unusual activity is related to crime.'" *Derichsweiler v. State*, 348 S.W.3d 906, 916 (Tex. Crim. App. 2011) (quoting *Meeks v. State*, 653 S.W.2d 6, 12 (Tex. Crim. App. 1983) (emphasis omitted)).

Section 42.01(a)(5) of the Texas Penal Code provides that a person commits the offense of disorderly conduct if the person intentionally or knowingly "makes unreasonable noise in a public place . . . or in or near a private residence that he has no right to occupy[.]" Tex. Penal Code Ann. § 42.01(a)(5) (West Supp. 2016). The City of Conroe's Code of Ordinances defines "[s]ound nuisance" to mean "any sound which unreasonably annoys, disturbs, injures or endangers the peace, comfort, repose, health or safety of a reasonable person of ordinary tastes and sensitivities." Conroe, Tex., Code of Ordinances ch. 26, art. IV, § 26-121 (1966). The Code provides that "[i]t shall be unlawful for any person to make, cause, allow, or permit a sound nuisance." *Id.* § 26-122(a). The City's Ordinances specifically declare certain acts to be sound nuisances in violation of the City's Ordinances, including for "any person to make, cause, allow or permit a sound nuisance through operation of any radio, tape player or other device for producing, reproducing, amplifying or broadcasting sound, which is mounted or contained in or on a motor vehicle." *Id.* §§ 26-122, 26-125(a).

6

Based on our review of the officer's sworn report in a light most favorable to the ALJ's determination, we conclude there was substantial evidence to support the ALJ's finding that the officer had reasonable suspicion to conduct a traffic stop of Rodriguez. The officer's report reflects that he responded to a call that a speeding black Escalade was playing extremely loud music at approximately 3:20 a.m., which was a violation of the City's Ordinances and the Texas Penal Code. *See* Tex. Penal Code Ann. § 42.01(a)(5); Conroe, Tex., Code of Ordinances ch. 26, art. IV, §§ 26-121, 26-122, 26-125(a). The officer located the vehicle and personally heard music coming from the vehicle before he came into contact with the vehicle. After hearing loud music coming from the vehicle, the officer decided to initiate a traffic stop to further investigate the situation.

The Department was not required to show that Rodriguez had actually committed the offense of disorderly conduct or violated the City's noise ordinance, but only that the officer reasonably believed that a violation was in progress. *See Tex. Dep't of Pub. Safety v. Nielsen*, 102 S.W.3d 313, 317 (Tex. App.—Beaumont 2003, no pet.) (holding that the "[Department] was not required to show that a traffic offense actually was committed, but only that the officer reasonably believed that a violation was in progress"). Here, the officer's personal observation of Rodriguez playing loud music from a vehicle around 3:00 a.m. after having

7

received a noise complaint was more than a scintilla of evidence to support that the officer reasonably believed that a violation of the City's Ordinance or the Texas Penal Code was in progress and, therefore, that reasonable suspicion existed to justify the stop. *See Jaroszewicz v. Tex. Dep't of Pub. Safety*, No. 03-15-00340-CV, 2016 WL 4506163, at \*4 (Tex. App.—Austin Aug. 26, 2016, no pet.) (mem. op) (concluding that ALJ could have found officer's visual observation of appellant's vehicle traveling at a "'high rate of speed for the 30 mph zone'" was sufficient to establish reasonable suspicion for the traffic stop); *Rodgers v. State*, No. 02-15-00324-CR, 2016 WL 4474349, at \*1–2 (Tex. App.—Fort Worth Aug. 25, 2016, no pet.) (concluding that officer had "reasonably trustworthy information [from] his own eyes and ears" and "was the eye- and ear-witness to [a]ppellant's committing the offense of disorderly conduct" sufficient to support probable cause to arrest appellant); *In the Matter of A.S.*, No. 04-10-00621-CV, 2011 WL 1303700, at \*4 (Tex. App.—San Antonio Apr. 6, 2011, no pet.) (mem. op.) (concluding that officer's personal observations that noise ordinances were being violated were sufficient to justify an investigatory stop). Accordingly, we conclude that there is substantial evidence that specific, articulable facts, combined with all rational inferences drawn from those facts, supported the officer's reasonable suspicion to conduct the traffic stop to investigate Rodriguez for the offense of

8

disorderly conduct or violating the City's noise ordinance. *See Derichsweiler*, 348 S.W.3d at 916; *Ford*, 158 S.W.3d at 492.

Because more than a scintilla of evidence supported the ALJ's decision, the trial court was required to affirm it. *See Mireles*, 9 S.W.3d at 131. Thus, the trial court did not err. Accordingly, we overrule Rodriguez's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 7, 2015
Opinion Delivered December 29, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.