

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00415-CR

TRYSTON EARL LEWIS                                              APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1431751D

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Everman Police Officer William Morgan stopped Appellant Tryston Earl Lewis for failure to properly signal a turn, leading to the discovery of a small, clear baggy containing a white residue on the driver's side floorboard. After the trial court denied Appellant's motion to suppress this evidence, Appellant pleaded

---

[1]*See* Tex. R. App. P. 47.4.

guilty to possession of one gram or more but less than four grams of cocaine—a third-degree felony—in exchange for two years' confinement. *See* Tex. Health & Safety Code Ann. § 481.115(c) (West 2017). In a single point, Appellant appeals the denial of his motion to suppress, arguing that the officer lacked reasonable suspicion to initiate the traffic stop. We affirm.

## II. Factual and Procedural Background

Officer William Morgan testified that he had been on duty—in uniform and in a marked patrol vehicle—on October 9, 2015, for the 7 p.m. to 7 a.m. shift. At 8:17 p.m. that night, he was dispatched in response to a 911 call about a black Chevy Tahoe with white rims that had been swerving from left to right. After he identified a vehicle matching this description, Officer Morgan observed the driver—later identified as Appellant—execute a left-hand turn without signaling prior to making the turn.[2] Although Appellant did not immediately stop after Officer Morgan activated his patrol car's emergency overhead lights, eventually he pulled over into a driveway.

Shortly thereafter, Officer James Robinson and Sergeant Craig Spencer arrived on the scene to assist Officer Morgan. He asked the two officers to check Appellant's car because Officer Morgan had observed Appellant "fumbling around through the car" and "reaching around." Officer Morgan explained at the hearing that he did so for officer safety—he wanted them to make sure there

---

[2]Officer Morgan later clarified that Appellant had turned on the turn signal, but only after having already completed the turn.

2

were no weapons. When the officers looked inside Appellant's vehicle, they saw a plastic bag with white residue sticking out of a Crown Royal bag in plain view on the driver's side floorboard.

At the suppression hearing, Appellant's counsel argued, among other things, that Officer Morgan was not credible when he claimed to have seen Appellant's failure to signal the turn. The trial court found that Officer Morgan had received a dispatch about a vehicle that was being driven in a reckless manner, had located and followed the vehicle, and had stopped it after the vehicle failed to signal its intent to turn. The trial court concluded that there was a valid reason for the initial stop—failure to signal an intent to turn—and denied the motion to suppress.

## III. Suppression

At the suppression hearing and now on appeal, Appellant argues that because Officer Morgan conceded that Appellant did initiate his signal indicator, there was no evidence to support reasonable suspicion for the stop of his vehicle. The State responds that Appellant ignores Officer Morgan's testimony that Appellant turned on his left-hand turn signal only after he completed his left-hand turn and that Officer Morgan's testimony was consistent that Appellant did not signal his left-hand turn prior to making the turn.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

3

In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the

4

trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818–19. We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818.

An officer has probable cause to stop and arrest a driver if he observes the driver commit a traffic offense. *State v. Gray*, 158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005); *State v. Ballman*, 157 S.W.3d 65, 70 (Tex. App.—Fort Worth 2004, pet. ref'd). The failure to signal a turn sufficiently in advance of executing the turn is a traffic offense. Tex. Transp. Code Ann. § 545.104 (West 2011) ("An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn."). Thus, the State argues, because Officer Morgan observed Appellant commit the traffic offense of failing to signal a left-hand turn, Officer Morgan could lawfully stop and arrest or detain Appellant. *See id.*; *see also id.* § 543.001 (West 2011); *State v. Elias*, 339 S.W.3d 667, 675 (Tex. Crim. App. 2011); *Tucker v. State*, 183 S.W.3d 501, 507 (Tex. App.—Fort Worth 2005, no pet.).

The trial court—as the sole judge of the credibility of the witnesses and the weight to be given their testimony—found Officer Morgan's testimony credible that Appellant did not signal his turn until he had already completed it. *See Wiede*, 214 S.W.3d at 24–25. Unfortunately, the dashboard camera video from Officer Morgan's patrol car neither clarifies nor contradicts this testimony. Because Officer Morgan was required to pass other vehicles before catching up

5

to Appellant's vehicle, it is unclear from the recording whether Appellant began signaling his turn 100 feet in advance of making the turn or while making the turn. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court did not err by denying the motion to suppress. Accordingly, we overrule Appellant's sole point.

## IV. Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; PITTMAN and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 8, 2018